FILED

MAY 03 2017

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>27 FIREARMS,<br><br>Defendants. | CV 16-95-M-DWM<br><br>FINDINGS OF FACT CONCLUSIONS OF LAW, DEFAULT JUDGMENT AND ORDER OF FORFEITURE |
|---|---|

This matter is brought before this Court by plaintiff, United States, by and through its counsel, Victoria L. Francis, Assistant U.S. Attorney. The United States has filed a motion for entry of default judgment and order of forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed in this action, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On July 25, 2016, the United States instituted a judicial forfeiture action by filing a Verified Complaint for Forfeiture *in Rem* against 27 firearms and assorted ammunition (defendant property). (Doc. 1). The forfeiture action was filed pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 881(a)(11) for violations of

1

18 U.S.C. § 922(g)(8) and (j) and 21 U.S.C. § 841, *et seq.*, for possessing firearms when subject to a permanent restraining and protective order, for possessing stolen firearms and bartering and selling stolen firearms, and for using the defendant firearms and ammunition during and in relation to crimes of violence or drug trafficking as set forth in 18 U.S.C. § 924(c) and (d). (Doc. 1, para. 1).

2. The defendant property is more particularly described in the verified complaint (doc. 1, para. 2) as follows:

- A-1. Remington, model M700, 25-06 bolt action rifle, serial number B6423192 with scope and sling;

- A-2. JC Higgins, model M101.24, 410 bolt action rifle, serial number unknown;

- A-3. Ruger, model M77, 30-06, bolt action rifle, serial number 71-34927 with scope and sling;

- A-4. Ruger, model Mini 14, .223 bolt action rifle, serial number 184-73444 in soft case with one mag and 150 rounds of assorted lose .223 ammunition;

- A-5. Defiance, model Z15, multi-caliber semi-automatic rifle, serial number Z044 in case with three magazines loaded with assorted ammunition;

- A-6. Winchester, model 70, .300 Win Mag bolt action rifle, serial number G137568 in a case;

- A-7. Winchester, model 94AE 30-30 lever action rifle, serial number 6406621 in a case;

- A-8. Riverside Arms, model unknown 12ga, double barrel break action shotgun, SN: 44949;

- A-9. Stevens, model unknown, .22 pump action rifle, serial number 685;

- A-10. Ithaca, model unknown, 12ga, double barrel break action shotgun, SN: 80296;

- A-11. Norinco, model Mac 90 Sporter, .762x39 semi-automatic rifle, serial number 94106699 with case and five magazines;

- A-12. Remington, model 700, 30-06 bolt action rifle, serial number 6789026;

- A-13. Springfield, model M1, .30 caliber semi-automatic rifle, serial number 1535280;

- A-14 Mossberg, model Pinkster, .22 caliber semi-automatic rifle, serial number EGG286803;

- A-15. Ruger, new model 6, .22 caliber revolver, serial number 62-20754 with case;

- A-16. Smith & Wesson, model unknown, .45 Colt, serial number AWF6155, with holster;

- A-17. Beretta, model 96 Brigadier .40 caliber semi-automatic pistol, serial number BER34164 with case and two magazines;

- A-18. Ducktown, model D, .45 caliber single shot break action pistol, serial number K00001965;

- A-19. Ruger, model Super Blackhawk, .44 magnum revolver, serial number 84-00411, with holster;

- A-20. Western Field Browning, model 30, 12g pump actin shotgun, serial number U20162;

- A-21. Llama, model unknown, .45 caliber semi-automatic pistol, serial number B32489;

- A-22. Unknown manufacturer or model, 22 caliber Revolver, serial number 1284997 with holster;

- A-23. Ruger, model SP101, .357 caliber revolver, serial number 572-34030;

- A-24. Glock, model 33, .357 semi-automatic pistol, serial number DVV809 (This firearm was located in close proximity to the methamphetamine that was seized.);

- A-25. Mossberg, model 35IKA, .22 caliber semi-automatic rifle, serial number ACKR0GRUV;

- A-26. Savage Arms, model 24J-DL, .22/.410 over/under break action rifle, serial number A686969; and,

- A-27. AA Arms, Inc., model AP9, 9 mm semi-automatic pistol, serial number 025317 with case and four magazines.

3. On July 26, 2016, the United States provided "direct notice" of this forfeiture action by sending via first-class and certified U.S. mail copies of the verified complaint and notice of complaint for forfeiture (docs. 1 and 3) to Christopher and Leslie Bending at the addresses they provided in their administrative claim, as authorized by Supplemental G(4)(b)(iii)(E). (Doc. 3; Doc. 8, para. 3).

4

4. The certified mailings sent to Christopher and Leslie Bending were signed for by Leslie Bending on August 2, 2016. Since the first-class mailings were not returned by the U.S. Postal Service, it is presumed they too were delivered to the Bendings. (Doc. 8, para. 5).

5. On August 16, 2016, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) executed the Warrant of Arrest *in Rem,* and arrested the defendant property. (Doc. 5).

6. Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on July 28, 2016, and ending on August 26, 2016. The notice provides in part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (July 28, 2016) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Doc. 6, Att. 1).

7. Upon considering the United States' motion for entry of defaults (doc. 7), the Clerk of Court entered the defaults of Christopher and Leslie Bending, and any unknown potential claimants, on September 30, 2016, for failure to timely file

a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 9).

8. The factual allegations set forth in paragraphs 4 through 11 of the complaint are verified by Mark Triplett, Special Agent with the ATF. (Doc. 1 at p. 18). Special Agent Triplett concluded the defendant firearms were not manufactured in the State of Montana, and have moved in interstate or foreign commerce. (*Id.* at p. 9).

9. There are a number of circumstances, which demonstrate probable cause to forfeit the defendant property. They include the criminal history of Christopher Bending. It shows he is subject to a permanent domestic abuse restraining and protective order issued by the District Court of Larimer County, Colorado in January 2001. Firearms reported as stolen from residences in Flathead County, Montana, matched firearms traded by Christopher Bending to third parties. Third-party statements regarding Bending's drug trafficking activities, his use and possession of firearms during drug trafficking activities in Montana and Spokane, Washington, and his purchasing of, and trading firearms for, methamphetamine and heroin on numerous occasions. A third party, who purchased methamphetamine from Christopher Bending on at least 15 occasions, alleged that

Bending pointed a firearm at her while she was holding methamphetamine. (Doc. 1, paras. 10-11).

10. The totality of circumstances supporting probable cause to forfeit the defendant property demonstrates that the defendant property, some of which was reported as stolen, was possessed and bartered or sold, or intended to be bartered or sold, in violation of 18 U.S.C. § 922(j), and was traded for methamphetamine and heroine in violation of 18 U.S.C. § 922(j). (Doc. 1, para. 11). Christopher Bending, who is subject to a permanent restraining and protective order, possessed, shipped, transported or received the defendant firearms and ammunition, that affect or have been shipped or transported in interstate or foreign commerce in violation of 18 U.S.C. § 922(g)(8). (Doc. 1, para. 10). And the defendant property was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. §§ 841, *et seq,* and 881(a)(ll). (Doc. 1, para. 11).

Based on the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

11. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355. The United States filed a verified complaint to forfeit the defendant property pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 881(a)(11) for violations of 18 U.S.C. § 922(g)(8) and (j) and 21 U.S.C. § 841, *et seq.*

12. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is properly in this district because this is a civil proceeding to forfeit the defendant property found in this district and the acts or omissions occurred in this district.

13. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

14. The verified complaint sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant property described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for knowing and willful

violations of 18 U.S.C. § 922(g)(8) and (j) and 21 U.S.C. §§ 841, *et seq.* and 881(a)(11).

15. The totality of the circumstances as described in the verified complaint demonstrates the defendant property constitutes stolen firearms and/or ammunition that was traded for methamphetamine and/or heroine in Flathead County, Montana, or taken to Spokane, Washington, to be traded for illicit drugs, and used in the furtherance of crimes of violence and drug trafficking as set forth in 18 U.S.C. § 924(c) and (d).

16. Notice of this action was properly provided to known potential claimants, Christopher and Leslie Bending, in accordance with Supplemental Rule G(4)(b)(iii)(E) by sending notice to them at the address provide in their administrative claim.

17. Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

18. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the defaults of Christopher and Leslie Bending, and unknown potential claimants.

19. Pursuant to Fed. R. Civ. P. 55(b)(2), the United States is entitled to a judgment of default against the defendant property, and any persons asserting a

claim to, or interest in, the defendant property; and any claims to the defendant property should be barred. The United States is further entitled to an order of forfeiture of the defendant property.

Based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The United States is granted a default judgment against the defendant property and against any person asserting a claim to, or interest in, the defendant property.

2. Any claims to the defendant property are forever barred.

3. The defendant property, consisting of 27 firearms and ammunition, is forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 3rd day of May, 2017.

Donald W. Molloy
United States District Judge